PANISH | SHEA | BOYLE | RAVIPUDI LLP
RAHUL RAVIPUDI, State Bar No. 204519
  rravipudi@psbr.law
SRINIVAS HANUMADASS, State Bar No. 228547
  vas@psbr.law
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND STANIFORTH, an individual<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, a government entity<br><br>Defendant. | Case No. '22CV1609 CAB MSB<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. NEGLIGENCE (FEDERAL TORT CLAIMS ACT, 28 U.S.C. §§ 1346(b), 2671-2680)**<br><br>**DEMAND FOR JURY TRIAL** |

## GENERAL ALLEGATIONS

1. Plaintiff RAYMOND STANIFORTH brings this action against Defendant UNITED STATES OF AMERICA alleging negligence resulting from a motor vehicle collision.

2. On June 23, 2021, at approximately 3:00 p.m., Plaintiff was riding his orange 2005 KTM EXC on the privately owned Hagan's Ranch dirt road in a northerly direction.

3. At the time, United States Customs and Border Patrol Agent, Cesar Camacho, while on duty for the Campo Border Patrol Station, was driving a 2020 Chevrolet Tahoe Border Patrol vehicle, in a southerly direction on the same private road.

4. Just before these two vehicles came into contact, Agent Camacho came around a left-hand blind curve. Plaintiff was on a straight section of the road and appreciably away from the start of his right-hand turn and had not yet entered the curve in the roadway at the time he was struck.

5. Camacho, while acting in the course and scope of his employment for Defendant UNITED STATES OF AMERICA and driving a motor vehicle owned by Defendant UNITED STATES OF AMERICA, traveled too fast for the subject blind curve, and failed to exercise his responsibility to not endanger the safety of others including Plaintiff, commensurate with *California Vehicle Code* section 22350 and other safety rules or regulations. Agent Camacho struck Plaintiff and Plaintiff's motorbike, causing Plaintiff to be crushed and suffer severe, life-long and permanent injuries. ("Subject Incident").

## PARTIES

6. At all times relevant herein, Plaintiff RAYMOND STANIFORTH was a United States citizen and a citizen and resident of the State of California.

7. Defendant UNITED STATES OF AMERICA ("UNITED STATES"), is a government entity organized and existing under the laws of the United States of America and conducting regular business in the State of California, County of San Diego. Plaintiff is informed and believes, and thereupon alleges, that at the time of the Subject Incident, Customs and Border Protection (CBP) Agent Cesar Camacho negligently injured Plaintiff while in the course and scope of his employment with

the United States Customs and Border Protection, an entity under the United States Department of Homeland Security.

8. Plaintiff is further informed and believes, and thereupon alleges, that Agent Camacho was acting in the course and scope of his employment for the Department of Homeland Security and driving a vehicle owned by the Department of Homeland Security, an agency of Defendant the UNITED STATES, when he caused the collision with Plaintiff's motorbike, and therefore was an employee and agent of the Department of Homeland Security for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (hereinafter FTCA), and was acting under the immediate jurisdiction of such government entity, thereby making the Defendant UNITED STATES liable for his acts and omissions.

## JURISDICTION VENUE AND STANDING

9. This Court's jurisdiction over claims against the UNITED STATES arises under 28 U.S. Code §§ 1331(b), 1346(b), and the FTCA, 28 U.S.C. §§ 2671-2680.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1402(b) because it is the federal district in which a substantial part of the events or omissions giving rise to these claims occurred.

11. Plaintiff RAYMOND STANIFORTH, as an individual, presented Administrative Claims for himself to the appropriate Federal Agency, for personal injuries on or about July 11, 2022. Defendants failed to timely act on the claims, thereby allowing this lawsuit to proceed.

12. Plaintiffs' Administrative Claims have been perfected under FTCA, to the extent such perfection is required, and now Plaintiff commences this action pursuant to 28 U.S. Code § 2675 and § 2401. Accordingly, Plaintiff has a right to sue the UNITED STATES in law under the FTCA.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE (FTCA)

13.     Plaintiff restates and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

14.     Plaintiff's FIRST CLAIM FOR RELIEF is for negligence, and is brought against Defendant UNITED STATES as an action in law pursuant to the jurisdiction provided by the Federal Tort Claims Act (FTCA).

15.     Plaintiff is informed, believes, and thereupon alleges that the Customs Border Patrol (CBP) Agent driving the vehicle that caused the Subject Incident owed a duty of care to Plaintiff to operate his government vehicle reasonably, obey applicable laws and the rules of the road, and control of his vehicle in a safe manner so as to not endanger the motoring public.

16.     Plaintiff is further informed, believes, and thereupon alleges that the CBP Agent driving the vehicle that caused the Subject Incident, while acting in the course and scope of his employment with the United States Customs and Board Protection (as a subdivision of the U.S. Department of Homeland Security), and DEFENDANT UNITED STATES, breached that duty of care by negligently and recklessly operating his vehicle in such a manner that it caused the Subject Incident and Plaintiff's injuries, harms and losses.

17.     Plaintiff is informed, believes, and thereupon alleges that Agent Camacho's negligent and reckless conduct directly and proximately caused the Subject Incident and resulted in Plaintiff's injuries, harms and losses.

18.     Plaintiff is informed, believes, and thereupon alleges that the conduct of the CBP Agent driving the vehicle that caused the Subject Incident, occurred while the CBP agent was within the course and scope of his employment, agency and/or service with Defendant UNITED STATES, which is, therefore, vicariously liable for Agent Camacho's negligent conduct.

19.     As a direct and proximate result of Defendant's conduct, actions or omissions, Plaintiff has incurred expenses for medical care and treatment, and will

incur expenses for medical care and treatment in the future, in an amount to be proven at trial.

20.    As a direct and proximate cause of Defendant's conduct, actions or omissions, Plaintiff suffered and will continue to suffer severe physical, psychological, and emotional injuries, in addition to pain, suffering, and disfigurement, in an amount to be proven at trial.

## PRAYER FOR DAMAGES

**WHEREFORE**, Plaintiff RAYMOND STANIFORTH, hereby prays for judgment against Defendant as follows:

1. For all available general damages (also known as non-economic damages);
2. For all available special damages (also known as economic damages), including but not limited to, past hospital, medical, professional, and incidental expenses according to proof;
3. For costs of suit and prejudgment interest as awardable by law;
4. For attorneys' fees, if available; and
5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution, on all causes of action as to all Defendants.

DATED: October 18, 2022        PANISH | SHEA | BOYLE | RAVIPUDI LLP

By: *Srinivas M. Hanumadass, Esq.*
Srinivas M. Hanumadass
Attorneys for Plaintiff